IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Amador,<br><br>         Plaintiff,<br><br>vs.<br><br>Quicken Loans, Inc. et al.,<br><br>         Defendants. | No. CV 16-1357-SMM<br><br>**ORDER** |

Pending before the Court is Plaintiff's *Ex Parte* Motion for Temporary Restraining Order (TRO). (Doc. 12.) This is Plaintiff's second request for relief. The Court denied Plaintiff's first request[1] based upon 1) the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971) and 2) failure of service on Defendants. (Doc. 9.)

In the motion at bar, Plaintiff asks the Court to grant him relief because the Court was wrong to deny Plaintiff's first motion for failure of service. (Doc. 12 at 2.) Coincidently, on the same day Plaintiff filed this motion, the Court issued an Amended Order, saying:

> In its original Order denying the TRO, the Court erred by stating…that to grant the TRO would prejudice the Defendants because Plaintiff had not yet served Defendants. The Court wishes to correct the record and state that it was not Plaintiff's fault that Defendants had not yet been served. Indeed, pursuant to Fed. R. Civ. P. 4(c)(3), the Plaintiff must await a Court Order

---

[1] In Plaintiff's first request for relief, he said he would suffer immediate and irreparable injury if Defendants were not enjoined from proceeding with foreclosure on his property. (Doc. 8 at 5.)

directing the Clerk of Court to issue summons for each Defendant.

(Doc. 10) Importantly, the Court affirmed its denial of the TRO, saying that "notwithstanding the Court's error, the Court's analysis under Younger remains unchanged, as does its denial of Plaintiff's Ex Parte Motion for Temporary Restraining Order." (Id.)

Younger v. Harris, 401 U.S. 37 (1971), and its progeny "espouse a strong federal policy against federal-court interference with state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Younger applies to noncriminal judicial proceedings when important state interests are involved, such as "vindication of important state policies or for the functioning of the state judicial system." Id. at 432.

In this case, Defendant DVP, LP obtained a lawful writ of possession against Plaintiff in the Superior Court of California, County of Fresno. (Doc. 8 at 80-81.) Obviously, California has an important interest in enforcing lawful foreclosures obtained in its own court system. This Court will not interfere with Defendant's lawful writ of possession. The Court will not grant a TRO in order to forestall the foreclosure action against Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** denying as moot Plaintiff's *Ex Parte* Motion for Temporary Restraining Order. (Doc. 12.)

Dated this 5th day of December, 2016.

_____
Honorable Stephen M. McNamee
Senior United States District Judge