# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Amador, | No. 1:16-CV-01357 |
| Plaintiff, | **ORDER** |
| v. | |
| Quicken Loans, Inc.; Bank of America N.A.; Nationstar Mortgage, LLC; Corelogic, Inc.; DVP, LP | |
| Defendants. | |

Pending before the Court is Defendant Corelogic, Inc.'s Motion to Dismiss, Defendant Quicken Loans, Inc.'s Motion to Dismiss, and Defendant Nationstar Mortgage, LLC's Motion to Dismiss. (Docs. 21, 23, 26.) Plaintiff has not filed a response to any of these pending motions.

The Court held Oral Argument on Defendants' motions on Friday, May 5, 2017. Plaintiff did not appear. Counsel for Defendant Nationstar Mortgage, LLC ("Nationstar") stated to the Court that she tried, unsuccessfully, to contact Plaintiff via email and phone prior to the hearing. Similarly, Counsel for Defendants Quicken Loans, Inc. ("Quicken") and Corelogic, Inc. ("Corelogic") stated that they tried, unsuccessfully, to contact Plaintiff after filing their respective Motions to Dismiss.

The Court notes that Plaintiff is proceeding pro se in this action. The Court further notes that throughout this litigation, the Court has been sensitive to Plaintiff's pro se status and has made numerous accommodations for him. In the instant matter, the Court finds that Plaintiff had an adequate opportunity to respond to Defendants' motions, and

had adequate notice of the Oral Argument hearing. Therefore, the Court issues the following rulings, notwithstanding Plaintiff's failure to respond and appear.

I. **BACKGROUND**

Plaintiff obtained a loan from Quicken in 2009. (Doc. 3 at ¶14.) The loan was secured by a promissory note (in the amount of $194,749.00 in principal plus interest at a rate of 4.875%), and a deed of trust to the subject property. (Id. at ¶14; 64.)

In 2012, Quicken assigned the deed of trust to Bank of America, who then assigned it to Nationstar in 2013. (Id. at ¶¶16, 19; 52-53, 57.) The assignments of the deed of trust were recorded. (Id.) Corelogic's document preparation services were allegedly used for both assignments. (Id. at ¶¶16, 19.)

At some point, Plaintiff defaulted on his loan, resulting in the issuance of a notice of default and notice of trustee's sale. (Id. at ¶¶24-25). DVP, LP purchased the property at a trustee's sale and currently appears on the title as the property owner. (Id. at ¶¶26-27.)

In September 2016, Plaintiff filed the instant lawsuit alleging breach of contract, violation of the Fair Debt Collection Practices Act, wrongful foreclosure, fraud in the inducement, cancellation and expungement of instruments, slander of title, quiet title, rescission, and declaratory relief. (Doc. 3.)

Prior to filing this lawsuit, Plaintiff brought similar proceedings in the Superior Court of California, County of Los Angeles and the Superior Court of California, County of Fresno. (Doc. 27, Exhibits 7-20.) Nationstar was a named Defendant in both actions, and prevailed against Plaintiff in both actions. (Doc. 27, Exhibits 15, 19-20.)

II. **LEGAL STANDARD**

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding a Motion to Dismiss, all allegations of material fact in the

complaint are taken as true and construed in the light most favorable to the plaintiff. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Notably, the requirement that a court accept as true all of the allegations is inapplicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir.1991). When exercising its discretion to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

### III. CORELOGIC'S MOTION TO DISMISS

Plaintiff's Complaint asserts three causes of action against Corelogic: (1) cancellation of instrument; (2) quiet title; and (3) declaratory relief. (Doc. 3 at 16, 19, 25.) Corelogic moves to dismiss on the basis that the Complaint fails to attribute any actionable wrongdoing to Corelogic. (Doc. 21 at 3.) Corelogic argues that Plaintiff merely alleges that Corelogic's document preparation services were used by other Defendants in preparation of loan documents at issue in this case, allegations insufficient to state any claim against Corelogic. (Id.)[1]

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

---

[1] Corelogic raises additional arguments for dismissal, but the Court does not reach them.

- 3 -

allegations in the complaint are true (even if doubtful in fact). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (further citation and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Id. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

The Court finds that Plaintiff's complaint is deficient as against Corelogic. The factual allegations supporting Plaintiff's claims against Corelogic consist of repeated allegations that Corelogic's services were utilized by other Defendants in preparing certain loan documents (Doc. 3 at ¶¶16, 17, 19), and an allegation that that Corelogic used its system to "relay hearsay information for the purpose of mass producing bogus instruments" (Id. at ¶ 20). Simply stated, these factual allegations are insufficient for the Court to infer that Corelogic is liable for any wrongdoing. Accordingly, the Court will dismiss Plaintiff's Complaint as against Corelogic.

## IV. QUICKEN'S MOTION TO DISMISS

Plaintiff's complaint asserts five causes of action against Quicken: (1) breach of contract; (2) cancellation of instrument; (3) quiet title; (4) rescission; and (5) declaratory relief. (Doc. 3 at 10, 16, 19, 21, 25.)

Quicken moves to dismiss Plaintiff's claims on the basis of judicial estoppel. (Doc. 23 at 2.)[2] Specifically, Quicken asserts that Plaintiff failed to disclose this lawsuit on his bankruptcy petitions, and thus, is prevented from pursuing the current litigation. (Id. at 3.)

"[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion." Ah Quin v. County of Kauai Dept. of Transp., 733 F.3d 267, 269 (9th Cir. 2013) (quoting New Hampshire v. Maine, 532 U.S. 742, 750 (2001). The purpose of the doctrine "is to protect the integrity of the judicial process by prohibiting parties from deliberately

---

[2] Quicken raises additional arguments for dismissal, but the Court does not reach them.

changing positions according to the exigencies of the moment." New Hampshire, 532 U.S. at 749-50. Three factors inform a Court's decision to apply the doctrine: (1) whether a party's position is "clearly inconsistent" with its earlier position; (2) whether the first court accepted the party's earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Id. at 750.

In the bankruptcy context, the doctrine bars a party from "asserting a cause of action not…mentioned in the debtor's schedules or disclosure statements." Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 783 (9th Cir. 2001). Courts "will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding." Id. at 785.[3] Indeed, "the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all their assets." Hamilton, 270 F.3d at 785 (further citation omitted).

Plaintiff has clearly asserted inconsistent positions and it is necessary for the Court to apply judicial estoppel to protect the bankruptcy proceeding. Plaintiff filed the instant lawsuit against Quicken on September 14, 2016. (Doc. 1.) Since then Plaintiff has filed two petitions for Chapter 13 bankruptcy, the first on December 6, 2016, and the second on January 26, 2017. (Doc. 24 at 16-26; 30-42.) Quicken has noticed the Court of Plaintiff's schedules and disclosures accompanying his second bankruptcy petition. (Doc. 24 at 16-26; 30-92.)[4] In neither the schedules nor the disclosures does Plaintiff acknowledge this lawsuit against Quicken. (Id. at 53, 83.) Because Plaintiff had knowledge of this lawsuit at the time of filing his second bankruptcy petition and failed

---

[3] Section 541(a)(1) of the Bankrupty Code provides that at the commencement of the bankruptcy proceeding, the bankruptcy estate includes "all legal or equitable interests of the debtor." 11 U.S.C. 541 (a)(1). This "includ[es] causes of action belonging to the debtor at the commencement of the bankruptcy case." Balthrope v. Garcia-Mitchell, No. 09-CV-1013, 2010 WL 430840, at *2 (E.D. Cal. Feb. 1, 2010) (quoting Kane v. Nat'l Union Fire. Ins. Co., 535 F.3d 380, 385 (5th Cir. 2008) (per curiam).

[4] Quicken did not notice Defendant's schedules and disclosures accompanying his first bankruptcy petition.

to disclose it, the Court finds it necessary to apply judicial estoppel in order to protect the bankruptcy process. See Hamilton, 270 F.3d at 784 (explaining that judicial estoppel will be imposed "when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset."). Accordingly, the Court will grant Quicken's motion.

**V.  NATIONSTAR'S MOTION TO DISMISS**

Plaintiff's complaint asserts seven causes of action against Nationstar: (1) violation of the Fair Debt Collections Practices Act; (2) wrongful disclosure; (3) fraud in the inducement; (4) cancellation and expungement of instruments; (5) slander of title; (6) quiet title; and (7) declaratory relief. (Doc. 3 at 11, 14-17, 19, 25.) Nationstar moves to dismiss Plaintiff's First Amended Complaint on the basis of *res judicata*. (Doc. 26 at 2; Doc. 26-2 at 2.)[5]

Courts apply the doctrine of *res judicata* to analyze the preclusive effect of prior federal court judgments. Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009). Here, however, the Court is asked to analyze the preclusive effect of prior state court judgments. Therefore, the Court applies not the doctrine of *res judicata*, but California law. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.")

"California law holds a final judgment of a state court precludes further proceedings if they are based on the same cause of action." Brodheim, 584 F.3d at 1268 (internal quotations and further citation omitted). To determine what constitutes the same cause of action for claim preclusion purposes, California courts employ the "primary rights theory." Id.

Under the "primary rights theory," a cause of action is "(1) a primary right

---

[5] Nationstar raises additional arguments for dismissal, but the Court does not reach them.

possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." Brodheim, 584 F.3d at 1268 (further citation omitted). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Id. Additionally, "if the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised." Gonzales v. California Dept. of Corrections, 739 F.3d 1226, 1233 (9th Cir. 2014).

In the first state court action, Plaintiff and others challenged the chain of title and the securitization process. (Doc. 27, Exhibits 7-15.) In its Second Amended Order Sustaining Defendants' Demurrer without Leave to Amend, the Superior Court stated:

> In short, Plaintiffs bring this fraud action to recoup their previous mortgage payments and discontinue future mortgage payments without returning the loan principal (and interest) they originally borrowed. The law offers no such remedy. Plaintiffs have no legal interest in the allocation of their loan payments as between the original lenders, any purported assignees, or their loan services, and Plaintiffs lack standing to challenge any technical defects in the assignments as between Defendants and any of Defendants' successors in interests. Furthermore, Plaintiffs fail to plead facts sufficient to establish the causes of action alleged.

(Doc. 27, Exhibit 14 at 3.) In his second state court action, Plaintiff challenged the signer's authority and contended defendants failed to verify the alleged debt prior to commencing the foreclosure, and alleged violations of the Homeowner's Bill of Rights and declaratory and injunctive relief. (Doc. 26-2 at 3 (citing Doc. 27, Exhibit 16).) The Superior Court found that the allegations concerning the invalidity of the deed of trust were barred by the judgment in previous state court action, but granted Plaintiff leave to amend his complaint to allege conduct occurring *after* the first action's judgment. (Doc. 27, Exhibit 17.) As Nationstar correctly points out, Plaintiff then filed a virtually identical amended complaint. (Doc. 27, Exhibit 18.) Once again, the court ruled in favor of Nationstar. (Doc. 27, Exhibits 19-20.)

Now, for the third time, Plaintiff is challenging the foreclosure of the subject property following his default on the loan. This action and the previous state court actions concern Plaintiff's obtaining a loan, subsequent default, and resulting foreclosure. And, in all three actions, Plaintiff claims that Nationstar has no legal right to his loan payments. As the alleged injury involved and Nationstar's alleged conduct are the same, the same primary right is implicated, notwithstanding the variation in recovery theories. Moreover, the allegation in the instant complaint that Nationstar failed to respond to Plaintiff's October 2015 demand should have been raised by Plaintiff in his second state court action, as the Superior Court instructed him to do. Accordingly, under California's primary rights theory, Plaintiff's state and federal causes of action are the same, and Plaintiff's federal suit against Nationstar is thus barred by the state court's decisions.

## VI. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** granting Defendant Corelogic, Inc.'s Motion to Dismiss. (Doc. 21.)

**IT IS FURTHER ORDERED** granting Defendant Quicken Loans, Inc.'s Motion to Dismiss. (Doc. 23.)

**IT IS FURTHER ORDERED** granting Defendant Nationstar Mortgage, LLC's Motion to Dismiss. (Doc. 26.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this case.

Dated this 17th day of May, 2017.

Honorable Stephen M. McNamee
Senior United States District Judge